## JOHN W. JARMAN *vs.* JAMES WINDSOR.

Where a record is the ground of action the narr., must refer to it with a *prout patet per recordum;* but not so if it be merely inducement.

*Quere.* Is a guardian account a *record* ?

Two breaches of the same *stipulation* cannot be assigned in the same count.

The court will not presume infancy; nor need a plaintiff negative such a disability; it is for the defendant to alledge it.

DEBT on a guardian bond. Narr., suggesting breaches. Demurrer to the second breach.

The second breach in the declaration was designed to meet the following state of facts.

On the 5th March 1822, a certain John G. Anderson was appointed guardian of the plaintiff, and gave bond with John D. Horsey as

his surety. He received as guardian, the sum of $800 : which re-mained in his hands at his death, as appeared by an account passed by James Windsor (the present defendant,) as *administrator of said Anderson,* of Anderson's guardianship of plaintiff. James Windsor

20. No cause shall be placed on the trial list, until after issue is joined, except appeals from justices of the peace, and causes shall be inserted on such list according to their seniority in this court. The trial list shall be made out and published in one week after the third rule day in vacation.

21. The first Thursday in each term shall be the return day for all subpœnas and other process to compel the attendance of witnesses in civil causes.

22. An affidavit to hold to special bail shall be filed with the prothono-tary, before or at the time appointed for hearing the rule, to show cause of bail, otherwise the defendant shall be discharged on filing common bail, un-less the time for filing the affidavit be extended by order of the court on reasonable cause shown.

23. Special bail warned by process of scire facias, or upon which *nihil* is returned to a second scire facias, may notwithstanding surrender the principal at any time during the term to which the process is returnable, but not at any adjourned court without a special order for that purpose.

24. No special bail shall be made liable on his recognizance of bail, un-less the execution issued against the principal shall have been put in the sheriff's hands at least ten days before the return thereof, exclusive of the day of the delivery and the return day ; nor on two *nihils* returned to the scire facias against the special bail, unless such scire facias shall be delivered to the sheriff at least ten days before the return thereof, exclusive of the day of delivery and the return day ; and the sheriff is ordered to indorse the time of the receipt of such execution or scire facias on the writ; but if he neglect it, other evidence may be given of the time of delivery.

25. The prothonotary shall attend the court in person, or by his deputy if he be prevented by sickness or other unavoidable cause of absence.

26. The sheriff shall attend the court in person, unless prevented by sickness or other unavoidable cause of absence ; and in such case the under sheriff shall attend. The sheriff, or in his absence, his under sheriff, shall keep order in court, and admit no person within the bar but the officers of the court, or such as shall be called on process or otherwise, or shall have business before the court, or shall be permitted by the judges to come within the bar.

27. A defendant in ejectment or scire facias may appear at any time during the term to which the ejectment or scire facias shall be brought, but not at any adjourned court.

28. In all ejectment causes the service of the declaration and notice to appear shall be given six days before the return day of the term, exclusive

afterwards became the guardian of plaintiff, and the object of this breach was to charge him in this action, as *guardian,* with the sum thus in his hands as *administrator* of Anderson, the former guardian.

The narr., averred " that on the 10th August 1831, defendant was appointed guardian of plaintiff by the Orphans' Court of Sussex coun-

both of the day of service and the return day; and that the tenant in possession, defendant or defendants, take defence the first term.

29. Warrants of survey and view shall issue when application is made therefor to the court or to the prothonotary in vacation, they shall be executed in such time (ten days notice being given by the sheriff to the parties, or, if living out of the county, to their respective agents or attorneys of the time and place of meeting to make such survey or view) as that the surveyor may be enabled to make out and return four plots to the prothonotary's office on or before the first day of the term : which it is ordered that the surveyor do accordingly.

30. When leave shall be granted to amend or add to any plot returned under a warrant of survey, or for further view, the same notice shall be given as on warrants of survey and views, and that the amendments and additions shall be made by the last rule day in vacation next ensuing the term at which such leave was given, and the plots so amended shall be returned to the prothonotary's office on or before the first day of the next term.

31. Ten days written notice of inquisitions held on lands shall be given by the officer holding the same.

32. In all motions to set aside sheriff's sales, the court will not look beyond the matters insisted on in the affidavit, unless the matters appear on the face of the proceedings; nor will they in motions to set aside reports of referees.

33. Motions in arrest of judgment and for new trials shall be made, and the reasons filed, within four days next after the trial if the court shall sit so long : and if it do not, then during the term.

34. No use shall be indorsed on the record of any suit or judgment, unless by the written direction or authority of the plaintiff or his attorney : it shall take effect from the time the indorsement is made.

35. The appearance, execution, continuance and judgment dockets shall be kept in bound books separate from each other, by the prothonotary. The index in each shall state the causes in alphabetical order. The index to the judgment docket shall be both direct and reversed.

36. On a return being made to a certiorari, the appellant shall file particular exceptions or causes of diminution by the first Friday of the term to which such certiorari is returned, or the judgment shall be affirmed of course. If the writ and record from below be not returned by the second day of the term, the time for filing exceptions or causes of diminution may on application to the court be enlarged.

ty, having jurisdiction, &c., he giving bond in $2,000, with condition, &c. 1st *breach,* after averring that $600 came to defendant's hands as guardian, and after deducting, &c., there remained of said sum $550 : which he was bound to pay plaintiff, (the said guardianship having ceased on 12th November 1833,) concluded that he has not paid said sum or any part thereof.

2d *breach,* averred that on 5th March 1822, a certain John G. Anderson was duly appointed guardian of plaintiff by the Orphans' Court of Sussex county, having jurisdiction, &c. : that Anderson gave bond with one John D. Horsey as his surety in $4,000, conditioned, &c. : that $800 came to Anderson's hands as guardian of plaintiff, and after deducting, &c., there remained in his hands, as

37. Whenever the court shall direct a question of law to be heard before all the judges in the Court of Errors and Appeals, it shall be the duty of the counsel on both sides in such cause to furnish each of the judges before the hearing of the cause is commenced, a brief containing a statement of the points on which they rely and of the authorities intended to be used in support of them.

38. When a suit is instituted in this court by a non-resident, a rule may, in the discretion of the court, be granted that security for costs be given by a certain day or that nonsuit be entered ; such rule to be granted on an affidavit of the defendant that he has a just or legal defence to such action, and that the plaintiff does not reside within this state.

39. Whenever money is brought into court by order of the court, in any suit or proceeding in the court, unless an order be immediately made for the payment over of such monies, the same shall forthwith be deposited by the prothonotary in the Farmers' Bank of the State of Delaware at ———— to the credit of this court.

40. In any suit that may be depending in this court, the prothonotary shall on the application of either party enter a rule, commission or commissions on the part of such applicant, which commission or commissions shall issue on ten days notice of interrogatories filed, to the commissioner or commissioners to be named on the part of such applicant, and to the commissioner or commissioners to be named by the other party, if any commissioner be named by such other party. If either party object to the commissioner or commissioners named by the other party, the commissioner or commissioners shall be appointed by one of the judges.

41. No appeal from a judgment given by a justice of the peace shall be entered by the prothonotary on his docket, until a transcript of the docket entries of the case in which the appeal may have been taken, certified under the hand and seal of the justice rendering judgment, or any other justice with whom the docket of such justice may be deposited, shall be delivered to the prothonotary.

guardian at the time of his death, to wit, 29th September 1829, and in the hands of James Windsor (the defendant) his administrator, to whom letters of administration were granted by Nathan Vickars, Esq., the register for Sussex, on the 13th October 1829, a balance of $600, as appears by a guardian account passed by said James Windsor, as administrator of said Anderson, before Nathan Vickars, Esq. register, &c., on 4th May 1830, of which the said James Windsor then and there had notice ; which said sum of $600, so in hands of Anderson at the time of his death as guardian as aforesaid, and in Windsor's hands as administrator of said Anderson, after his death, he the said Windsor as administrator aforesaid, became liable according to said bond of Anderson and Horsey, and the condition thereof to pay to said John W. Jarman, and to said James Wind sor as guardian of Jarman, upon the ceasing of the guardianship of said Anderson, which ceased by the death of said Anderson, on 29th September 1329 : averred further, that said Windsor (the defendant) as guardian as aforesaid, might and ought to have collected said $600, and ought to have paid the same to plaintiff on the ceasing of his guardianship : *yet,* the said James Windsor as guardian as aforesaid, hath not paid &c. said sum to plaintiff, nor did said Horsey nor Anderson in his lifetime, nor James Windsor his administrator pay &c. said sum to plaintiff; but the same has been lost by the negligence and default of said Windsor as guardian as aforesaid.

3d. *breach,* averred that on 5th March 1822, John G. Anderson was appointed guardian of said Jarman, by the Orphans' Court of Sussex county, and gave bond with Horsey his surety in $4,000— that $500 came to Anderson's hands as guardian, and continued in his hands as guardian at the time of his death, when his guardianship determined, to wit : on 20th September 1829 ; which sum ought to have been collected and accounted for by said James Windsor the subsequent guardian, and which might have been collected by due diligence ; *yet,* said Windsor, although he became the administrator of Anderson, did not collect, retain and pay said sum nor any part thereof; which said sum of $500 said Windsor, according to the writing obligatory aforesaid and the condition thereof, is bound to pay to said Jarman ; the said guardianship of said Windsor having ceased on 12th November 1833; yet said Windsor hath not paid, &c.

To the first breach, defendant pleaded—1st. performance ; 2d. the act of limitation : 3d. a set-off. He demurred to the second breach, and assigned for cause—1st. because plaintiff in said breach alledges that Windsor as administrator of Anderson passed a guardian account before Nathan Vickars, Esq. register, &c., on the 4th May 1830, which is *matter of record* and ought to have been pleaded with

a *prout patet per recordum.* 2d. Because plaintiff does not aver the authority of Nathan Vickars, Esq. to take such accounts. 3d. Because the averment of the appointment of Anderson as guardian of plaintiff, is not made with a *prout patet per recordum,* though the same is a *record.* 4th. Because the term at which said appointment was made is not averred. 5th. Because plaintiff does not in any of his breaches show *how* the guardianship of Windsor ceased and determined. 6th. Because the breach is double, informal, absurd, &c. &c., and assigns matters as breach of this guardian bond which would be breaches of Windsor's administration bond on Anderson's estate, &c. &c.

*Cullen,* in support of the demurrer:

The declaration is defective on general demurrer. It is alledged, as a breach of this bond, that persons who had signed another bond did not discharge their obligations. This has nothing to do with our bond.

2d. They seek a recovery against defendant as guardian; and they alledge a breach of his duty in another capacity, to wit: as administrator of Anderson. That is not the condition of his bond. It has nothing to do with his duties as administrator, for then he is liable on his administration bond.

3d. The plaintiff assigns breaches, not only of the condition, but also of the writing obligatory. At common law you could assign but one breach of the condition. The statute of *William* and *Mary,* allows as many breaches as the plaintiff pleases, not of the writing obligatory, but of the *condition* of said writing. As to the writing, it is absolute on its face. The condition alone is the matter of which a breach can be predicated.

4th. Plaintiff seeks to recover against defendant because he did not avail himself of the right of retainer, which right arose in his character as administrator, and which right of retainer he could exercise or not as he pleased. And if he has not done his duty as administrator, there is a remedy against him on his administration bond, and not on his guardian bond; and again, if he has not retained, the estate of Anderson is yet answerable.

5th. The pleadings aver that Windsor passed a guardian account, which is alledged without a *prout patet per recordum.* And the principle is, that a record cannot be pleaded without such a reference, for the court must be pointed to the record, and where it is, that they may inspect it. Nor do the pleadings aver that the register had authority to take such account. The principle is, that wherever a thing is pleaded as having taken place in a court of inferior jurisdiction, it must be averred in the pleadings that it has jurisdiction

over that matter. The register's is a court of limited and peculiar jurisdiction, and his power to pass such accounts must be averred.

*Wootten,* contra.—This is a special demurrer. It does not assign for error that the breach is of the writing instead of the condition—nothing said about this in the demurrer. Anderson, *the first* guardian of Jarman, received a certain sum of money and died with that money in his hands. James Windsor administered on his estate, and also became the *second* guardian of Jarman. He was acting then in two capacities, *administrator* of Anderson and *guardian* of Jarman. He went into the register's office, and passed an account as administrator on the estate of Anderson, the first guardian of Jarman, showing a balance of $447 25 due the minor. We contend that he, as the second guardian, was bound to collect all sums due to the minor from any and every person; and particularly from the former guardian, Anderson. But that money was in his hands already as administrator of Anderson; it was his duty, therefore, to *retain* that sum in his hands and pay it to himself as guardian; and the failure to do so is a breach of the condition of his bond to collect and receive all sums of money due to the minor. The breach, therefore, is of his *guardian* bond, and not of his *administration* bond, which is only set out as matter of inducement, and to show how money came into his hands as administrator, which he was bound by a guardian bond to pay to himself as guardian. These matters are not stated as a foundation of the action, but merely as inducement; they may be struck out without vitiating our cause of action. They were merely stated, and the account passed by defendant as administrator was merely referred to, as matter of notice of the materials out of which we were to sustain our breach. I admit that when a judgment or other record is pleaded as the foundation of a suit, it must be pleaded with *prout patet,* but not when it is mere matter of inducement. And this disposes of several of the objections; as that the term is not shown, or that the court has jurisdiction, &c. &c.

It was not necessary to alledge that the guardianship has ceased; that is not a part of the condition. We were not here alledging a breach of the condition to pay the ward on the ceasing of the guardianship; and this allegation, as well as the other, is matter of inducement. When we come to the breach proper, the ceasing of the guardianship is averred.

*Per curiam.*

BLACK, *Justice.*—This is an action on a guardian bond to recover from Windsor, the last guardian of the plaintiff, a sum of money which was due the plaintiff from Anderson, his prior guardian, on

whose estate Windsor administered, and who, as administrator, passed an account of Anderson's guardianship, before the register of wills, on which there was a balance due the plaintiff of $800.

The plaintiff seeks to recover from the defendant the amount due him from the estate of Anderson, on the ground that it was the duty of Windsor, as his guardian, to have collected this money from the estate of Anderson, or to have retained it out of the funds which came into his hands as the administrator of Anderson. The defendant has demurred specially to the second breach in the narr., and set forth his causes of demurrer, the most important of which is, that which avers the narr. to be defective, inasmuch as matters of record (*i. e.,* the account of Anderson's guardianship, and of his appointment as guardian) are referred to without a prout patet per recordum.

Where matter of record is the substance, ground or foundation of the plaintiff's action, his narr. should refer to it with a prout patet per recordum. This rule is well settled. But it is also a principle equally well established, that if the matter of record be stated merely as matter of inducement to the action, and not as the foundation of it, then it is not required that the pleadings should refer to the record with a prout patet per recordum. 1 *Chitty Plead.* 358, and the cases hereafter cited.

If the *gist* of the action is not the matter of record referred to, but a *matter of fact* to be proved, then a reference to the record with a prout patet per recordum is not required in the pleadings; as where in an action for an escape the *judgment* and *commitment* in execution are referred to in the narr. without a prout patet per recordum, it is sufficient, as these are but matters of inducement, the *escape* being the gist of the action. 2 *Salk.* 565; 5 *Modern,* 9; *Willes,* 127; 1 *Lord Raymond,* 35; 1 *Saunders,* 38, (*note* 3.)

So also in an action against an executor for a devastavit, it is not required that the *judgment* be referred to with a prout patet per recordum, for it is but inducement, the foundation of the action being the *devastavit* committed by the executor, a fact to be established by proof. 2 *Lord Raymond,* 1503.

Matter of *inducement* is that which is merely introductory to, or explanatory of, the essential ground of complaint or defence, or of the manner in which it originated. *Gould's Plead.* 52. What is the foundation of the present action? Unquestionably not this guardian account, for if the plaintiff's claim be well founded, he could have recovered though no such account had ever been passed; it is not, therefore the *gist* of this action. The ground of action here is the breach by the defendant, of the condition of the guardian bond in not collecting, or retaining when he had the power, a sum of money

due his ward from Anderson's estate. The indebtedness of Anderson to the plaintiff is a *fact* to be established by proof to warrant a recovery. That fact may be proved by Anderson's declarations, or by his receipt for the specific sum of money for the use of his ward; or by his written acknowledgement that he owed his ward a certain amount, or it may be proved by this guardian account. This account may be *evidence* to establish or prove a *fact* which is the foundation of this action, and thus sustain the plaintiff's right to recover; but it is not itself the foundation or substance, or ground of his action, and therefore, *if it be a record,* it is not necessary that it should be referred to with a prout patet per recordum.

If the facts relied on by the plaintiff be true, that is, that Anderson was indebted to him, and the defendant as his guardian neglected to secure this money when he had the power, he could recover, though this account had not been referred to in the pleadings, or brought forward in evidence on the trial, if the *fact* of indebtedness were established by other proof. The account, therefore, is not the *gist* of the action, and the reference to it in the narr. is merely explanatory of the plaintiff's action, its origin and the manner in which it could be proved, and is no more than matter of inducement.

Whether a guardian or administration account, remaining on file in the register's office, be or be not a "*record*," in the legal acceptation of the term, is a point that was not discussed by the counsel who argued this case; and as, from the views we have expressed, a decision of the court on this point is not rendered necessary, we shall not now give an opinion upon it.

It is alledged as a further cause of demurrer to this declaration, that there is *duplicity* in the breaches assigned.

The rule is, that *two breaches* of the same specific *stipulation* cannot be assigned in the same count. 1 *Chitty*, 330.

The narr. sets out the plaintiff's case; the bond given by the defendant; the condition attached to it; and the duty of the guardian in relation to the debt due from the estate of Anderson. The breaches of the condition are then assigned in the following words: " Yet the said James Windsor, as guardian as aforesaid, although often requested so to do, did not, nor would not so account for, pay and deliver the said last mentioned sum of money to the said J. W. Jarman," &c. It avers that he did not *account,* &c. To *account* was one stipulation of the guardian bond. It alledges that he did not *pay and deliver,* &c. To *pay* and *deliver* at the termination of the guardianship was another stipulation in the condition of the bond. There is, therefore, not an assignment of *two breaches* of the same *stipulation.* The averment which follows the breach, that neither

Anderson, his administrator or surety, paid the balance due from Anderson to the plaintiff, is not assigned as a breach of the condition of Windsor's bond, but as a denial of payment of that balance by all in any way connected with Anderson's bond.

It is stated, as a further cause of demurrer, that it is not averred in the narr. that Windsor's guardianship of the plaintiff had ceased ; in other words, that the plaintiff has not stated himself to have attained the age of twenty-one years when he brought his action. Courts of law do not *presume* infancy ; it is a fact to be alledged and proved. They hold *prima facie,* that those persons whose names are placed as parties to a suit on their records are of full age, and do not require a plaintiff to aver the fact in his declaration, or to negative a disability. If the infancy of the plaintiff be alledged, the defendant may put it in issue by a plea in abatement. Until this be done no averment is required from the plaintiff.

*The Court,* therefore, overrule the demurrer; but direct that the defendant answer over.

Judgment of <em>respondeat ouster.</em>

*Wootten,* for plaintiff.
*Cullen,* for defendant.